# Spann *v.* Lowndes County.

*Action against the County to recover Excess of License Fee.*

1. *Constitutional law; General Revenue Law; Local Act Repealed.*
   The repealing clause of the General Revenue Act, approved March 4th, 1903, that "all laws and parts of laws, both general and special, inconsistent with the provisions of this Act, are hereby repealed," (Acts of 1903, pp. 184-232), repeals the Act,

approved February 1st, 1899 "to regulate the sale of vinous, spirituous and malt liquors in the county of Lowndes," (Acts 1898 to '99, p. 1182), in so far as the license required to be paid by liquor dealers, in the county of Lowndes.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. J. C. RICHARDSON.

This action was brought by the appellant, John Spann, against Lowndes County, to recover from the defendant $50, alleged to have been paid by the plaintiff to the Probate Judge for the use of Lowndes County, in addition to $300 previously paid by the plaintiff for obtaining a license as a retail liquor dealer in the town of Hayneville, which said amount of $50, it is alleged in the complaint, was in excess of the lawful license required of the plaintiff. The plaintiff avers in his complaint the presentation of his claim to the Court of County Commissioners of Lowndes County, and the refusal of said court to pay the same. The cause was tried by the court without the intervention of the jury upon an agreed statement of facts, which was in words and figures as follows:

"1. That on the 15th day of January, 1903, John Spann paid to the Probate Judge of Lowndes County, the sum of $300 for a license to conduct the business of a retail dealer in spirituous, vinous, and malt liquors in the town of Hayneville, which contains a population of less than 1000, within said County, during the year 1900, $150.00 of said sum being for the use of said County, and $150.00 being for the use of the State of Alabama, and that such license was issued to said Spann on the said date under the provisions of an act of the General Assembly, approved Feb. 21st, 1899, (Local laws of 1898-1899, page 1182), and that the said $150.00 paid to the use of the said County, less the legal commissions of the Probate Judge, was paid by said officer to the treasurer of the said county, prior to the commencement of this action.

"2. That on the 5th day of October, 1903, said John Spann paid to the said Probate Judge the further sum of $50.00 for the use of the said state of Alabama, the said Judge thereupon issuing to the said Spann another

[Spann v. Lowndes County.]

license to conduct the said business during the year 1903. That said Spann had been repeatedly notified by the said Judge that the first license issued to him as aforesaid was revoked, and that it was necessary for said Spann to procure a new license.

"3. That on the 3rd day of November, 1903, said Spann presented to the Board of Revenue of said County a claim, duly and properly itemized and verified by his affidavit, wherein he claimed that said County was indebted to him in the sum of $50.00 for excess of license paid as aforesaid for the use of said County, for the year 1903, and that said Board did on the 9th day of November, 1903, refuse and disallow said claim.

"5. That said Spann after being notified by said Judge that the license first issued to him was revoked, did request said Judge to issue to him a new license, but said Judge refused to do so until the said Spann paid to him the additional sum of $50.00 as aforesaid.

"6. That in compliance with the terms of said act above referred to, the said money paid by said Spann for the use of said County, was appropriated by the said Board to the public roads of said County and all of said money was expended in such manner by said Board, prior to the filing of said claim with said Board of Revenue."

Upon the evidence the court rendered judgment for the defendant. From this judgment plaintiff appeals and assigns as error, among other rulings of the trial court, the rendition of the judgment for the defendant.

McGaugh & Houghton, for appellant.—The act regulating the sale of spirituous, vinous and malt liquors in Lowndes county, was repealed by the General Revenue Law, approved March 4th, 1903. Where a later general act is necessarily inconsistent with a prior special act, or with the special provisions of an earlier act, the Legislature must be deemed to have intended to repeal the earlier laws.—26 Am. & Eng. Encyc. of Law (2d ed.), p. 742; *Maxwell v. State,* 89 Ala. 150. The act of Feb. 21st, 1899, being repealed, the license issued to plaintiff Jan. 15th, 1903, under the provisions of the act, was

revoked by the repeal thereof.—17 Am. & Eng. Encyc. of Law, (2d ed.) p. 263; *Powell v. State,* 69 Ala. 10.

EVANS HINSON, *contra.*—The general revenue law did not repeal a special act relating to Lowndes county, regulating the sale of spirituous, vinous and malt liquors. Every effort must be used to make all acts stand and if by any reasonable construction, they can be reconciled, the latter act will not operate as a repeal of the earlier.—*City Council of Mont. v. National Bldg. & Loan Association,* 108 Ala. 342, 343; 4 May. Dig. p. 858, 55, 123, 130 and authorities there cited.

TYSON, J.—The plaintiff, pursuant to the act regulating the sale of spirituous, vinous and malt liquors in Lowndes county, (Local Laws 1898-99, p. 1182), in January, 1903, paid to the state and county One hundred and fifty dollars, each, and obtained a license to engage in the business of selling such liquors in the town of Hayneville.

By the General Revenue Act of March 4th, 1903 (Acts 1903, p. 184), Hayneville, being a town of less than one thousand inhabitants, the amount of the state license for retailers of liquor in it is fixed at two hundred dollars, and the court of county commissioners are authorized to fix the amount for the license, for county purposes, at not exceeding fifty per cent. of the sum paid to the state. So under this act the amount collectible by the county of a retail liquor dealer could not exceed one hundred dollars. After the passage of the act the probate judge required the plaintiff to pay to him an additional sum of fifty dollars for the use of the state, and issued to him another license.

It is clear from this statement that the plaintiff is unjustly out of pocket fifty dollars. For if the local act was not repealed by the general act, the state was not entitled to the fifty dollars. On the other hand, if it was repealed, then the court has fifty dollars more money than it is entitled to under the general act. Doubtless it was to provide against just such a hardship that the legislature incorporated into the act of March

4th the provision "that whenever any one has paid more license for this current year (1903) than is required under this act, they shall be entitled to receive from the treasury of the state and county the excess of license so paid."

So then the plaintiff's right of recovery, as is stated in argument by both sides, depends solely upon the solution of the question whether the local act is repealed by the general act?

In *Gaston v. O'Neal,* decided at the present term, the question presented was whether the repealing clause in the general act repealed a provision in the charter of the city of Montgomery, exempting liquor dealers in the city of Montgomery from the payment of county license. A majority of the court, the writer not concurring, held that it did. That case is decisive of this one.

The judgment of the trial court must be reversed. The trial having been upon an agreed statement of facts, a judgment will be here rendered for plaintiff for fifty dollars and interest from the 3rd day of November, 1903, that being the day on which he made demand in proper form upon the Board of Revenue of the county for its payment.

Reversed and rendered.